PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:16-MC-00058-WBS-AC |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $74,200.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.      On September 3, 2015, agents with the Drug Enforcement Administration ("DEA") contacted Eric Rogers ("Rogers" or "claimant") and Joseph Alexander Varela ("Varela" or "claimant") at the Sacramento International Airport in Sacramento, California.  Approximately $74,200.00 in U.S. Currency ("defendant currency") was seized from Rogers and Varela during this encounter.

2.      The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about December 29, 2015, the DEA received a claim from Rogers asserting an ownership interest in the defendant currency.

3.      Claimants do not contest the United States' representation that it could show at a forfeiture trial the following: On September 3, 2015, agents with the DEA received information regarding travel by Rogers and Varela.  Law enforcement agents responded to the terminal and observed

1

Rogers and Varela exit the flight and begin walking towards the terminal exit.  A law enforcement officer approached Rogers and Varela and requested permission to speak with them.  Both Rogers and Varela stayed to speak with the agents.

4.    Claimants do not dispute the United States' representation that it could further show at trial that a DEA agent asked Rogers and Varela where they were traveling from, and both stated from Jacksonville, Florida.  They said they were in Sacramento to visit friends who lived in San Francisco.  One of the DEA agents asked permission to search Rogers' carry-on luggage and Rogers consented.  The agent found a single bundle of cash that Rogers said was $7,000.  The agent then asked Rogers for consent to search his checked luggage, but Rogers declined.  The agent then asked Varela if he was carrying any large amounts of cash in his carry-on bags.  Varela stated he was not and said he only had a small amount of cash on him.  The agent asked Varela for consent to search his carry-on bags, but he declined.  Rogers and Varela then told the agent to have a nice day, shook his hand, and continued toward the terminal exit.

5.    Claimants do not dispute the United States' representation that it could further show at trial that the agents proceeded to the baggage claim area and found Rogers' checked bag.  Upon locating the checked bag, the United States contends a drug detection dog positively alerted to the smell of narcotics on the bag.  Rogers then arrived in the baggage claim area and one of the DEA agents asked Rogers why a drug dog would alert to his checked bag.  Rogers responded that he did not know.  The DEA agent asked if Rogers had any narcotics in his bag, to which Rogers responded in the negative.  The agent then asked to search the checked bag and Rogers consented to the search.  The agent opened the checked baggage and identified two bundles of cash banded with rubber bands.

6.    Claimants do not dispute the United States' representation that it could further show at trial that the DEA agent and Rogers then proceeded to a separate room to count the cash and continue their conversation.  Agents continued their search, finding several additional rubber-banded stacks of cash.  Agents asked Rogers where he obtained the cash, to which he replied that the cash represented savings from his landscaping business.  Varela then returned to the main airport after visiting the rental car station.  Varela gave consent to search his carry-on bags and agents found additional sums of rubber-banded cash.  Varela and Rogers stated that the cash belonged only to Rogers, not Varela.

2

7.      Claimants do not dispute the United States' representation that a drug detection dog then alerted to the smell of narcotics on the cash discovered in Rogers' and Varela's bags.

8.      The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

9.      Without admitting the truth of the factual assertions contained above, claimants specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimants agree that an adequate factual basis exists to support forfeiture of the defendant currency.  Rogers acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimants shall hold harmless and indemnify the United States, as set forth below.

10.     This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

11.     This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

12.     The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1.      The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2.      Upon entry of this Consent Judgment of Forfeiture, $55,200.00 of the Approximately $74,200.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3.      Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $19,000.00 of the Approximately $74,200.00 in U.S. Currency shall be returned to claimant Eric Rogers through his attorney Joseph Shemaria.

Consent Judgment of Forfeiture

4.      The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Claimants waived the provisions of California Civil Code § 1542.

5.      No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6.      All parties will bear their own costs and attorney's fees.

7.      Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED

Dated:  February 8, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE